IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| OREGON AMUSEMENTS, LLC, an Oregon limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br> Defendant. | Case No. 1307-09539 <br><br> COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND DEMAND FOR JURY TRIAL <br><br> Prayer: $69,163.00 <br> (Filing Fee $505.00 per Or Laws 2012, ch. 48, sec. 2; ORS 21.160(1)(c)) <br><br> NOT SUBJECT TO MANDATORY ARBITRATION |

COMES NOW plaintiff, and alleges as follows:

1.

At all times material herein, plaintiff Oregon Amusements, LLC was and is an Oregon limited liability company authorized to do business within the State of Oregon.

2.

At all times material herein, defendant Liberty Mutual Insurance Company was and is a Massachusetts corporation authorized to do business within the State of Oregon.

3.

At all times material herein, defendant, through its authorized actual or apparent agents, including Tom Bauer of R. Bauer Insurance, Inc., contracted with plaintiff to provide it with an appropriate business policy of insurance, which included property theft protection coverage, and

Page 1 –COMPLAINT/DEMAND FOR JURY TRIAL

State of Oregon, County of Marion
I certify that this is a true and correct copy of a document in the possession of Ken Ammann PC
Dated: 7/8/13    Julie A Barr
                          Notary Public
My commission expires: 8-03-13

JONES AMMANN LLC
ATTORNEYS AT LAW
880 Liberty Street NE – Salem, OR 97301
Phone (503) 364-6734 – Fax (503) 364-6735

defendant accepted premium payments from plaintiff in return for representing that it would

provide such insurance coverage, and defendant represented to plaintiff that it had done so and

that such coverage was in full force and effect on June 9, 2012 under its policy of insurance,

Policy No. BKS 54816782, which defendant chose to underwrite through one of its many

insurance group members, Ohio Security Insurance Company. Defendant directed plaintiff to

make all premium payments for this insurance coverage payable to Liberty Northwest and

plaintiff did so.

4.

The insurance policy at issue promised to pay plaintiff the replacement cost of business

property in the event of a theft resulting in loss of such property. The policy paid for by plaintiff

represented as follows: "We will pay for loss to covered property from any of the covered causes

of loss." Following that representation, the policy defined "covered property" as "business

personal property you own, including but not limited to equipment, tools, items, or materials to

be installed and office business personal property and business personal property owned by

others including but not limited to employees rented equipment or tools, while they are in your

care, custody or control and for which you have accepted responsibility." The insurance policy

defines a "loss" or event that triggers its obligation to pay as "accidental loss or damage" and the

policy further specifies that a covered cause of loss is "theft or attempted theft." The insurance

policy defines "property damage" as physical injury to property, including all resulting loss of

use of that property. The policy provides that all "loss of use" shall be deemed to occur at the

time of the physical injury that caused it; and further defines property damage as loss of use of

tangible property that is not physically injured. Defendant promised to pay plaintiff if there was a

Page 2 – COMPLAINT/DEMAND FOR JURY TRIAL.

theft of plaintiff's business personal property located in or on plaintiff's property, or within 100 feet of that property, including all furniture, fixtures, machinery and equipment and any personal property owned by plaintiff in use in plaintiff's business.

5.

Defendant promised to pay plaintiff the value of its property loss due to theft on a "replacement cost" basis. The insurance policy also promised that this replacement cost valuation payment would be made "without any deduction for depreciation" of the property. Defendant's promise to the plaintiff also represented that if repair or replacement with identical property was not possible, the cost to replace the lost property with similar property capable of performing the same functions would be the valuation measure it would use to make payment. Defendant also promised to pay up to $2,500 to replace or restore lost valuable papers or records other than electronic data. In this insurance agreement which defendant, or its agents, drafted, an endorsement termed "Custom Protector Plus Endorsement" was paid for by plaintiff which further provided for increased insurance coverage limits to be paid by defendant to plaintiff in the event of a theft of plaintiff's insured property as described on pages 1 & 2 of that particular endorsement, which are attached, labeled exhibit A, and incorporated herein.

6.

On June 9, 2012 a theft occurred of insured property at the location of 7241 Eastwood Court SE, Turner, OR 97392-5900. This theft was timely reported by plaintiff to law enforcement authorities on June 9, 2012. Thereafter, this theft was timely reported by plaintiff to his insurance representatives on June 9, 2012. Plaintiff was asked for information by insurance representatives at that time and provided all available information. Thereafter, plaintiff continued to cooperate with all insurance personnel's requests, however invasive and

Page 3 –COMPLAINT/DEMAND FOR JURY TRIAL

JONES AMMANN LLC
ATTORNEYS AT LAW
880 Liberty Street NE – Salem, OR 97301
Phone (503) 364-6734 – Fax (503) 364-6735

Exhibit A
Page 003

unreasonable, by providing access to the property, completing requested forms, voluntarily and without benefit of legal representation providing, both formal and informal statements to insurance personnel or their representatives. Despite his timely reporting and cooperation with respect to all the various insurance representatives' requests for documents, personal information and business information, defendant refused to pay plaintiff any amount for any item of loss claimed and has continued to do so, having, as of the date of this complaint, paid nothing to plaintiff. Instead, while refusing to agree to pay plaintiff any amount and refusing to either confirm or deny that any amount would be paid and refusing to state whether the claim was being denied or accepted in whole or part, defendant, through its various agents, effectively has denied the claim through unreasonable delay while refusing to provide any reasonable basis for its continued burdensome invasive and unreasonable requests for additional information from plaintiff. Defendant, on or about August 13, 2012, by letter, demanded that plaintiff appear for what is called a "sworn statement" before an insurance company attorney who is an employee of the insurer, with an insurance adjuster also present, before an official court reporter, causing plaintiff to retain counsel. Plaintiff thereafter provided numerous additional documents, participated in three lengthy formal sworn statements at the demand of defendant on the following dates: October 29, 2012 (5 hrs 20 minutes), January 31, 2013 (2 hrs 40 minutes), and March 11, 2013 (2 hrs). Despite all these actions by plaintiff, defendant still has not paid, or offered to pay, plaintiff any amount for any item or damage claimed, and defendant continues to delay resolution of the claim, and continues to send additional requests for documents via letter of June 14, 2013, which requests are unreasonable. Defendant has yet to state that it is either paying or denying the claim, yet continues to effectively deny the claim by refusing to make any

Page 4 –COMPLAINT/DEMAND FOR JURY TRIAL

Exhibit A
Page 004

payment, and defendant knows, or should know, that its continued delay is financially ruining plaintiff, and defendant's agents have interfered with plaintiff's business by contacting plaintiff's customers, causing those customers to question plaintiff's continued operation.

7.

Plaintiff has complied with the terms and conditions of the insurance policy. Plaintiff has submitted a proof of loss to defendant more than six months prior to filing this lawsuit. Because defendant has breached its promise to pay plaintiff for the loss plaintiff suffered within six months of receipt of proof of loss, plaintiff demands payment of all its attorney fees and costs.

8.

The agreement drafted by defendant promised that defendant would pay plaintiff promptly and included within defendant's agreement is an implied duty of good faith and fair dealing, which applies to all aspects of the contract, including the conduct of defendant's agents, adjustors, and attorneys, and their manner of investigation and processing of plaintiff's theft loss claim. Defendant has refused to make any payment to plaintiff despite plaintiff's repeated demands for payment. Defendant has subjected plaintiff to repeated unreasonable, invasive, insulting, time consuming, and costly, demands for information, including voluminous documents, repeated telephone calls and questions, and repeated oral recorded statements including "statements under oath." Defendant has done so with reckless or intentional disregard for defendant's contractual obligations to plaintiff. Plaintiff has reason to believe that defendant has provided sensitive business and/or financial information to third parties without plaintiff's permission to do so in further breach of defendant's first party contractual express and implied duties of good faith and fair dealing. Defendant's failure to pay plaintiff is in breach of both the express terms and the implied duties of good faith and fair dealing within defendant's contract.

Page 5 – COMPLAINT/DEMAND FOR JURY TRIAL

Exhibit A
Page 005

Defendant's actions as alleged herein, have caused plaintiff continued business income loss, as

defendant is reasonably aware, which loss is continuing.

9.

As a result of the theft which occurred on June 9, 2012, plaintiff suffered the loss and loss

of use of the following items of property:

| Brand | Model | Item | Qty | Age | Replacement Cost |
|-------|-------|------|-----|-----|------------------|
| Merit | RX | Countertop Video Game | 4 | 1 | $16,320.00 |
| Buck Hunter | Safari | Computer with Dongle | 3 | 1 | $ 6,000.00 |
| Touchtunes | Maestro | Computer | 3 | 1 | $ 2,127.00 |
| Touchtunes | Maestro | Monitor | 3 | 1 | $ 1,650.00 |
| Touchtunes | Ovation | Monitor | 2 | 1 | $ 1,100.00 |
| Touchtunes | Allegro | Monitor | 1 | 1 | $   550.00 |
| Touchtunes | Maestro | Hard Drive | 3 | 1 | $   480.00 |
| Touchtunes | Ovation | Hard Drive | 2 | 1 | $   320.00 |
| Touchtunes | Allegro | Hard Drive | 1 | 1 | $   160.00 |
| Incredible Tech | Kit | Upgrade Kit for Buck Hunter World | 3 | 1 | $ 2,250.00 |
| Insignia | | 42 inch LCD TV | 3 | 1 | $ 1,200.00 |
| | | Cigarette cartons | 80 | 0.1 | $ 4,000.00 |
| | | Candy (box) | 25 | 0.3 | $   550.00 |
| | | Chips (box) | 8 | 0.1 | $   160.00 |
| | | Large Snacks (box) | 12 | 0.2 | $   180.00 |
| Craftsman | | Precision Tools | 3 | 1 | $   600.00 |
| Thunder Pro | | Speakers | 2 | 1 | $   400.00 |
| Incredible Tech | | Buck Hunter Guns (Video Game) | 8 | 1 | $ 1,280.00 |
| ICT | | Bill Validator with Magazine | 6 | 1 | $   750.00 |
| | | Computer Power Supply | 6 | 1 | $   600.00 |
| Fujitsu | Lifebook | Laptop | 1 | 1 | $ 2,000.00 |
| | | Netbook | 1 | 1 | $   350.00 |
| Jetsort | | Coin Counter | 1 | 3 | $ 2,500.00 |
| Jetscan | | Currency Counter | 1 | 3 | $ 2,500.00 |
| | | Keys | 116 | 1.5 | $ 5,800.00 |
| | | External Hard Drive | 1 | 1 | $   250.00 |
| | | Jump Drives | 5 | 1 | $   100.00 |
| Dewalt | | Cordless Drill | 2 | 1 | $   300.00 |
| Dewalt | | Cordless Drill | 1 | 1 | $   175.00 |
| Dewalt | | Cordless Drill | 2 | 2 | $   300.00 |

Page 6 –COMPLAINT/DEMAND FOR JURY TRIAL

Exhibit A
Page 006

| | | | | | | |
|---|---|---|---|---|---|---|
| Dewalt | | Rechargeable Battery | 6 | 2 | $ | 834.00 |
| Dewalt | | Battery Charger | 1 | 1 | $ | 75.00 |
| Dewalt | | Battery Charger | 1 | 2 | $ | 75.00 |
| Dewalt | | Concrete Drill | 1 | 2 | $ | 469.00 |
| Dewalt | | Impact Driver | 1 | 1 | $ | 279.00 |
| Dewalt | | Jig Saw | 1 | 2 | $ | 149.00 |
| Dewalt | | Reciprocating Saw | 2 | 1 | $ | 498.00 |
| Dewalt | | Circular Saw | 2 | 2 | $ | 360.00 |
| Bose | | Amp/Subwoofer | 3 | 2 | $ | 4,200.00 |
| Incredible | | | | | | |
| Tech | Nighthaw | Golden Tee Computer | 1 | 1 | $ | 1,600.00 |
| Touchtunes | Maestro | Computer | 8 | 2 | $ | 5,672.00 |
| | Total | | | | | $69,163.00 |

10.

As a result of defendant's breach of contract in failing to pay plaintiff pursuant to the policy of insurance, plaintiff has suffered past business losses and loss of profits, which damage is continuing given defendant's continued breach of contract. Plaintiff is entitled to an award of economic damages for past and continuing loss of use of the stolen property in an amount to be determined.

11.

As a result of defendant's breach of contract in failing to pay plaintiff pursuant to the policy of the insurance within six months of receipt of proof of loss, plaintiff has incurred and will continue to incur attorney fees and litigation costs and related expenses and is entitled to recovery of those amounts from defendant, pursuant to ORS 742.061(1), in an amount to be determined.

///

///

///

Page 7 –COMPLAINT/DEMAND FOR JURY TRIAL

Exhibit A
Page 007

WHEREFORE, plaintiff prays as follows:

A. Economic damages for property stolen in the amount of $69,163.00;

B. Economic damages for loss of use of property in an amount to be determined;

C. Economic damages for retrieval of important documents in an amount to be

determined;

D. Attorney fees, costs and disbursements, and any additional relief the court deems

appropriate in an amount to be determined.

DATED this 1st day of July, 2013.


JONES AMMANN LLC


*Ken L. Ammann*
Ken L. Ammann OSB#88149
880 Liberty Street NE
Salem, OR 97301
(503)364-6734
Of Attorneys for Plaintiff
Trial Attorney:  Ken Ammann, OSB No. 88149

Page 8 –COMPLAINT/DEMAND FOR JURY TRIAL

Exhibit A
Page 008

COMMERCIAL PROPERTY<br/>CP 91 42 11 09

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# CUSTOM PROTECTOR™ PLUS ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM
CONDOMINIUM ASSOCIATION COVERAGE FORM
CAUSES OF LOSS - SPECIAL FORM
WATER EXCLUSION ENDORSEMENT

The following is a summary of increased limits of insurance and additional coverages provided by this endorsement. This endorsement is subject to the provisions of your policy which means that it is subject to all limitations and conditions applicable to this Coverage Part, Coverage Form, Causes of Loss Form or Water Exclusion Endorsement unless specifically deleted, replaced, or modified herein. This endorsement is applicable only to those premises described in the Declarations.

Coverage for loss of Business Income or Extra Expense, whether provided by this endorsement or elsewhere, does not apply if a loss is covered only as a result of this endorsement.

If coverage is provided elsewhere in this policy for the same loss or damage as the coverage provided under this endorsement, the coverage under this endorsement will apply excess over that other coverage unless otherwise stated. We will not pay more than the actual amount of the covered loss or damage.

| Coverage Description | Limit of Insurance | Section |
|---|---|---|
| Accounts Receivable, Valuable Papers and Electronic Data | | |
| Blanket Limit of Insurance - On Premises | $ 200,000 Blanket | A.10. |
|    Off Premises: | | |
|      Valuable Papers | $ 10,000 | A.10. |
|      Accounts Receivable | $ 10,000 | A.10. |
|      Electronic Data | $ 10,000 | A.10. |
| Additional Covered Property | Included | A.2. |
| Appurtenant Structures | | |
|    Buildings | $ 50,000 | A.16.u. |
|    Business Personal Property | $ 5,000 | A.16.u. |
| Back-up of Sewers or Drains | $ 25,000 | F. |
| Broadened Premises | Included | A.1. |
| Business Income | $ 25,000 | A.16.s. |
| Business Income - Newly Acquired Locations | $ 250,000 | A.16.s. |
| Business Income - Utility Services - Time Element | $ 25,000 | A.16.t. |
| Business Personal Property - Seasonal Increase | 33% | A.16.v. |
| "Cellular Phones" - Coverage | $ 1,000 | A.16.l. |
| Computer Equipment | $ 50,000 | A.16.n. |
| Consequential Loss | Included | A.16.r. |
| Debris Removal | $ 25,000 | A.6. |
| Employee Dishonesty | $ 50,000 | A.11.h. |
| Employee Tools Coverage | $ 25,000 | A.16.w. |
| Extra Expense | $ 25,000 | A.16.j. |
| Fine Arts | $ 25,000 | A.16.k. |
| Fire Department Service Charge | $ 25,000 | A.8. |
| Fire Protective Devices | $ 25,000 | A.16.l. |
| Forgery or Alteration | $ 50,000 | A.11.k. |
| Foundations | Included | A.5. |
| Inventory and Appraisal Expense Coverage | $ 10,000 | A.11.g. |
| Lock Replacement | $ 10,000 | A.16.o. |

Exhibit A

Page 1 of 2

©2010 Liberty Mutual Insurance Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its Permission.

| Coverage Description | Limit of Insurance | Section |
|---|---|---|
| Loss of Refrigeration | $ 25,000 | A.16.m. |
| Lost Key Coverage | $ 10,000 | A.11.j. |
| Money and Securities | | |
| Inside the Premises | $ 25,000 | A.16.p. |
| Outside the Premises | $ 25,000 | A.16.p. |
| Money Orders and Counterfeit Money | $ 25,000 | A.11.l. |
| Newly Acquired or Constructed Property | 180 days | A.12. |
| Buildings | $ 1,000,000 | A.12. |
| Business Personal Property | $ 500,000 | A.12. |
| Off-Premises Services Interruption | $ 25,000 | A.16.q. |
| Ordinance or Law | A - Incl. in Building Limit B & C - 25% of the Building Limit subject to $200,000 | A.11.l. |
| Outdoor Property | $ 25,000 | A.15. |
| Personal Effects and Property of Others | $ 15,000 | A.13. |
| Pollutant Clean Up and Removal | $ 50,000 | A.9. |
| Preservation of Property | 90 days | A.7. |
| Property Off-Premises (Including while in Transit) | $ 50,000 | A.14. |
| Real Property of Others Required by Contract | $ 25,000 | A.4. |
| Reward (Not available in New York) | $ 25,000 | A.16.h. |
| Signs | $ 25,000 | B. |
| Special Deductible Provision | Included | C. |
| Undamaged Improvements & Betterments | Included | A.3. & D.1. |
| Waiver of Coinsurance on losses $10,000 or less | Included | E. |

A. The following changes apply to Section A. COVERAGE of the BUILDING AND PERSONAL PROPERTY COVERAGE FORM and the CONDOMINIUM ASSOCIATION COVERAGE FORM:

1. **Broadened Premises**

   The within 100 feet of the described premises description stated in Paragraph A.1.a.(5)(b), Building, Paragraph A.1.b., Your Business Personal Property, Paragraph A.1.c.(2), Personal Property of Others and Paragraph A.5., Coverage Extensions is deleted and replaced by within 1000 feet of the described premises.

2. **Additional Covered Property**

   The following are added to Item a. Building of Paragraph 1. Covered Property:

   Bridges, roadways, walks, patios or other paved surfaces; Retaining walls (except retaining walls used to contain water) that are not part of a building.

   Item d. is deleted from paragraph 2. Property Not Covered.

   Item l. of paragraph 2., Property Not Covered is deleted and replaced by the following:

   l. Retaining walls used to contain water.

3. **Undamaged Improvements and Betterments**

   (This coverage does not apply to the CONDOMINIUM ASSOCIATION COVERAGE FORM.)

   The following is added to paragraph A.1.b Your Business Personal Property:

   (8) Undamaged Improvements and Betterments;

   (a) Improvements and betterments coverage includes the portion of improvements and betterments not damaged in a covered loss.

   (b) We will pay for the portion of undamaged improvements and betterments only if a minimum of six months is required to repair or rebuild the building for your occupancy, and only when your lease is cancelled:

   (i) By the lessor;

   (ii) By a valid condition of your lease; and

   (iii) Due to direct physical loss or damage by a Covered Cause of Loss to property at

©2010 Liberty Mutual Insurance Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its Permission.

Exhibit 2 Page 2 of 2
CP 91 42 11 A9
Exhibit A
Page 010

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

1

2

3   OREGON AMUSEMENTS, LLC, an Oregon limited)
    liability company,                       )
                                             )       Case No. 1307-09539
4                   Plaintiff,               )       SUMMONS
                                             )
                    v.                       )
5                                            )
    LIBERTY MUTUAL INSURANCE COMPANY, a      )
6   Massachusetts corporation,               )
                                             )
7                   Defendant.               )
                                             )

8

9   TO:    Corporation Service Company, Registered Agent for Liberty Mutual Insurance Company
           285 Liberty Street NE
10         Salem, OR 97301

11         You are hereby required to appear and defend the complaint filed against you in the above-
    entitled action within thirty (30) days from the date of service of this summons upon you, and in case of
12  your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the
    complaint.
13

14                  NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!
           You must "appear" in this case or the other side will win automatically. To appear you must file
15  with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the
    court clerk or administrator within thirty (30) days, along with the required filing fee. It must be in proper
16  form and have proof of service upon the plaintiff's attorney or, if the plaintiff does not have an attorney,
    proof of service upon the plaintiff. If you have any questions you should see an attorney immediately or
17  you may call the Oregon State Bar Referral Service at (503) 684-3763.

18  Jones Ammann LLC                         *Ken L. Ammann*
    880 Liberty St NE
19  Salem, OR  97301                         Ken Ammann, OSB #88149
                                             (503) 364-6734
20  STATE OF OREGON    )
                       )  ss:
21  COUNTY OF MARION   )

22         I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and
23  complete copy of the original summons in the above-entitled action.

24                                           Ken Ammann, OSB #88149

25  TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve
26  a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the
    individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof
27  of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

28                                           *Ken L. Ammann*

                                             Ken Ammann, OSB #88149
                                             Attorney for Plaintiff

                            JONES AMMANN LLC
                            ATTORNEYS AT LAW
                   880 Liberty  Street NE – Salem, OR 97301
                   Phone (503) 364-6734 – Fax (503) 364-6735



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 11366180
Date Processed: 07/09/2013

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| Entity: | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| Entity Served: | Liberty Mutual Insurance Company |
| Title of Action: | Oregon Amusements, LLC vs. Liberty Mutual Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Multnomah County Circuit Court, Oregon |
| Case/Reference No: | 1307-09539 |
| Jurisdiction Served: | Oregon |
| Date Served on CSC: | 07/09/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ken L. Ammann<br>503-364-6734 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

1

2

3

4

5          IN THE CIRCUIT COURT OF THE STATE OF OREGON
6                  FOR THE COUNTY OF MULTNOMAH

7    OREGON AMUSEMENTS, LLC            )    Case No. 1307-09539
                                       )
8                         Plaintiff,   )
                                       )    DEFENDANT LIBERTY MUTUAL
9          v.                          )    INSURANCE COMPANY'S RULE 21
                                       )    MOTION
10                                     )
     LIBERTY MUTUAL INSURANCE          )
11   COMPANY, a Massachusetts corporation. )
                                       )
12                        Defendants.) )
                                       )    (Oral Argument Requested)
13   _____  )

14                        **UTCR INFORMATION**

15        The parties have conferred pursuant to UTCR 5.010.  Oral argument of 15 minutes is

16   requested.  Court reporting services are not requested.

17                             **MOTIONS**

18        Pursuant to ORCP 21, Defendant moves the Court for an Order:

19        1)     Requiring plaintiff make the Complaint more definite and certain, pursuant to

20               ORCP 21 D, by requiring the filing of an Amended Complaint consisting of

21               "plain and concise statements" of the ultimate facts allegedly entitling plaintiff to

22               prevail upon a specific legal theory and allegedly entitling plaintiff to recover

23               specifically alleged damages, on the grounds that the Complaint is so indefinite

24               and uncertain that the precise nature of the claim and the precise nature and

25               amount of the claim of damages is not apparent.

26

PAGE 1 – DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RULE 21 MOTION

HITT HILLER MONFILS WILLIAMS LLP
411 SW SECOND AVENUE, SUITE 400
PORTLAND, OREGON 97204
(503) 228-8870

1      2)    Striking, pursuant to ORCP 21 E, from Paragraph 3 the allegations that
2            "Defendant, through its authorized actual or apparent agents, including Tom
3            Bauer of R. Bauer Insurance, Inc., contracted with plaintiff to provide it with an
4            appropriate business policy of insurance, which included property theft protection
5            coverage, and defendant accepted premium payments from plaintiff in return for
6            representing that it would provide such insurance coverage, and defendant
7            represented to plaintiff that it had done so and that such coverage was in full force
8            and effect on June 9, 2012", on the grounds that these allegations are a sham,
9            frivolous or irrelevant as there is no apparent claim in this case for failure to
10           procure or provide the correct form of insurance coverage.

11               i.   Alternatively, in the event motion no. 2 is denied then for an Order to
12                    make the Complaint more definite and certain by requiring plaintiff to
13                    allege the acts and/or omissions of "Tom Bauer of R. Bauer Insurance,
14                    Inc." any other "agent" upon which any claim is based and any alleged
15                    insufficiency of the policy of insurance that was issued.

16     3)    Striking from Paragraph 3 the allegations that "defendant chose to underwrite
17           through one of its many insurance group members, Ohio Security Insurance
18           Company. Defendant directed plaintiff to make all premium payments for this
19           insurance coverage payable to Liberty Northwest and plaintiff did so" on the
20           grounds that these allegations are sham, frivolous or irrelevant to any claim
21           alleged by the Complaint.

22     4)    Striking Paragraph 4 in its entirety on the grounds that the purported summary of
23           miscellaneous provisions of the alleged insurance policy recited therein are sham,
24           frivolous or irrelevant to any claim alleged in this action.

25               i.   Alternatively, in the event motion no. 4 is denied, then for an Order
26                    requiring the Complaint be made more definite and certain by pleading the

PAGE 2 – DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RULE 21 MOTION

HITT HILLER MONFILS WILLIAMS LLP
411 SW SECOND AVENUE, SUITE 400
PORTLAND, OREGON 97204
(503) 228-8870

Exhibit A
Page 014

1    duty, breach of duty or damages to which each allegation contained in
2    Paragraph 4 is related.

3    5)   Striking Paragraph 5 in its entirety on the grounds that the purported summary of
4         miscellaneous provisions of the alleged insurance policy recited therein are sham,
5         frivolous or irrelevant to any claim alleged in this action.

6         i. Alternatively, in the event motion no. 5 is denied, then for an Order
7            requiring the Complaint be made more definite and certain by pleading the
8            duty, breach of duty or damages to which each allegation contained in
9            Paragraph 5 is related.

10   6)   Striking the second sentence and all subsequent allegations of Paragraph 6 on the
11        grounds that the detailed facts and conclusions alleged therein are sham, frivolous
12        or irrelevant to any claim alleged in this action.

13        i. Alternatively, in the event motion no. 6 is denied, then for an Order
14           requiring the Complaint be made more definite and certain by pleading the
15           duty, breach of duty or damages to which each allegation contained in
16           Paragraph 6 is related.

17   7)   Striking from paragraph 6 lines 1-4 at page 5 of the Complaint on the grounds that
18        there no claim for tortious interference with Plaintiff's business is plead or for
19        which Defendant could be held liable for "financially ruining plaintiff", there are
20        no facts plead to support any such claims or damages and the allegations are
21        sham, frivolous or irrelevant.

22   8)   Striking Paragraph 8 in its entirety and each allegation contained therein, on the
23        grounds that the miscellaneous and repetitive allegations contained therein are
24        sham, frivolous or irrelevant to any claim alleged in this action.

25

26

PAGE 3 – DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RULE 21 MOTION

HITT HILLER MONFILS WILLIAMS LLP
411 SW SECOND AVENUE, SUITE 400
PORTLAND, OREGON 97204
(503) 228-8870

Exhibit A
Page 015

1            i.   Alternatively, in the event motion no. 8 is denied, then for an Order requiring the Complaint be made more definite and certain by pleading the exact relationship of each allegation to any claim in this case.

9)   Striking paragraph 10 in its entirety and each allegation therein on the grounds that the damages plead therein are not recoverable in an action for breach of contract and facts supporting such claims of damage are not alleged.

            i.   Alternatively, in the event motion no. 9 is denied, then for an Order requiring the Complaint be made more definite and certain by requiring the pleading of the exact amount of past business losses and loss of profits claimed to have resulted from the breach of contract and facts demonstrating such damages to have been within the contemplation of the parties to the contract; and that the same be required for the pleading of "past and continuing loss of use of the stolen property in an amount to be determined."

## POINTS AND AUTHORITIES

This appears to be a simple case in which Plaintiff must allege: (1) the existence of the specifically alleged and identified insurance policy no. BKS 54816782 between the parties; (2) the theft of the property that is specifically identified at paragraph 9 of the Complaint; (3) the nature and dollar amount of the policy benefit to which Plaintiff was allegedly entitled; (4) that Plaintiff satisfied all conditions precedent to receiving the benefits under the policy; and (5) that Defendant has not paid the full benefit allegedly due under the policy and to which Plaintiff is entitled by the terms of the policy.

///

///

///

///

PAGE 4 – DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RULE 21 MOTION

HITT HILLER MONFILS WILLIAMS LLP
411 SW SECOND AVENUE, SUITE 400
PORTLAND, OREGON 97204
(503) 228-8870

Exhibit A
Page 016

1      All of the additional allegations of the complaint are sham, frivolous and irrelevant and

2  should be stricken, as they obfuscate the exact nature of this action and attempt to interject issues

3  irrelevant to any well pled claim of relief.

4      DATED this **25** day of October, 2013.  HITT HILLER MONFILS WILLIAMS LLP

5

6

7                    By: _____

                          Danny L. Hitt, Jr., OSB# 883818

8                          Of Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 5 – DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RULE 21 MOTION

HITT HILLER MONFILS WILLIAMS LLP
411 SW SECOND AVENUE, SUITE 400
PORTLAND, OREGON 97204
(503) 228-8870

Exhibit A
Page 017

1

**DECLARATION OF SERVICE**

2

3      I, Samantha Bashore, Paralegal, hereby declare under penalty of perjury that I served the
foregoing: DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S RULE 21
4      MOTION on:

5
                          Ken L. Ammann
6                         Jones Ammann LLC
                          880 Liberty Street NE
7                         Salem, Oregon 97301

8      by the following indicated method(s):

9      [ X ]   by **MAILING** a full, true and correct copy thereof in a sealed first-class postage prepaid
                envelope, addressed to the attorney are shown above, the last-known office address of the
10              attorney, and deposited with the United States Postal Service at Portland, Oregon on the
                date set forth below.

11
12     [   ]   by **FAXING** a full, true and correct copy thereof to the attorney at the fax number shown
                above, which is the last-known fax number for the attorney's office, on the date set forth
13              below.   The receiving fax machine was operating at the time of service and the
                transmission was properly completed.

14     [   ]   by causing a full, true, and correct copy thereof to be **HAND-DELIVERED** to the
                attorney at the attorney's last-known office address listed above on the date set forth
15              below.

16
               DATED:  October 25, 2013
17

18

19
               Samantha Bashore, Paralegal to
20             Danny L. Hitt Jr., Attorneys for Defendant

21

22

23

24

25

26

PAGE 1 – DECLARATION OF SERVICE

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY
1024 SW Fourth Avenue  Portland, Oregon 97204
(503) 988-3022 Option 3

October 29, 2013

DANNY L HITT
Attorney at Law                              Bar#: 833818
HITT HILLER MONFILS WILLIAMS                                    RECEIVED
411 SW 2ND AVE STE 400
PORTLAND OR 97204                                    OC 3 1 2013

                                    HITT HILLER MONFILS WILLIAMS LLP

**Oregon Amusements LLC/Liberty Mutual Insurance Co.**
Case#: 130709539  Civil Contract

## NOTICE OF SCHEDULED COURT PROCEEDING

Scheduled Proceeding: **Hearing Case Management**
Date:                 **11/22/13**
Time:                 **10:15AM**
Room:                 **616 THE HONORABLE JERRY B HODSON**
Additional Information:
    INITIAL CASE MANAGEMENT
    CONFERENCE

            NOTICE OF SCHEDULED COURT PROCEEDING
At the Initial Case Management Conference the following will happen:
1. The appropriate track for this case will be decided (Regular
Course with Mandatory Arbitration, Regular Course, Expedited Jury
Trial, or Complex Case.)
2. A circuit court judge will be assigned to hear all pretrial
motions in the action, other than summary judgments.
3. A date will be set for the Trial Readiness Conference which will
be approximately 8 months from filing of the initial complaint in the
action.  A stipulated date may be set.

Each participating attorney must have authority to make "track"
decisions and set dates for the Trial Readiness Conference.

If no appearance has been filed for a defendant, plaintiff's counsel
is responsible for notifying all known opposing counsel of the
hearing.  Opposing counsel so notified appear without waiver of any
defenses.

Parties may elect to appear by phone; the Plaintiff is responsible
for setting up a conference call to the court if the parties agree
to appear by telephone.

NOTE: Supplemental Local Rule (SLR) 7.011 establishes the Initial
Case Management Conference.  The SLR and information on procedural
expectations for complying with this rule may be found on this link:

   **http://courts.oregon.gov/Multnomah/**  on the website go to the

"Civil" tab on the "General Information" page.

Cases for which there is no appearance will be subject to an ORCP 54 B (3) notice of intent to dismiss for want of prosecution - a 28 day notice with leave to cure.

**Client(s) of Addressee:**
LIBERTY MUTUAL INSURANCE COMPA

**CC:**
KENNETH L AMMANN

Scheduled Events
Oregon Amusements LLC/Liberty Mutual Insurance Co
DANNY L HITT
Page    2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

OREGON AMUSEMENTS, LLC,           )    Case No. 1307-09539
                                  )
            Plaintiff,            )    PLAINTIFF'S RESPONSE TO
                                  )    DEFENDANT'S RULE 21 MOTIONS
      v.                          )
                                  )
LIBERTY MUTUAL INSURANCE          )    *Reply due 11/18*
COMPANY, a Massachusetts corporation, )
                                  )
            Defendant.            )
_____)

COMES NOW plaintiff, Oregon Amusements, LLC, by and through counsel, Ken

L. Ammann of Jones Ammann LLC, and responds to Defendant's Rule 21 Motions as

follows:

      Each of defendant's motions should be denied at this time.

RESPONSE TO MOTION #1:

      This Motion to make "the Complaint" in its entirety "more definite and certain"

based upon defendant's assertion within its Motions that the Complaint does not provide

enough information for defendant to determine the basic nature of plaintiff's claim for

relief is without merit and should be denied.  Defendant is well aware of its wrongful

denial of payment of any amount of insurance policy proceeds to plaintiff for plaintiff's

covered property theft loss, and defense counsel, while somewhat new to this case, must

be aware of those facts having (presumably) received and reviewed the entire claims file

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 21 MOTIONS

Exhibit A
Page 021

and (presumably) having received a verbal assignment of the case from the insurer defendant and having discussed the denial and investigation of the claim with defendant's adjustors and counsel. This contested matter has been exhaustively investigated by the defendant insurer via assigned adjustors and corporate counsel for well over 1 year. Any assertion here that this defendant is unaware of the nature of the claims asserted is implausible at best.

On its face, the Complaint itself clearly states sufficient ultimate facts alleging a claim for relief for breach of insurance contract – as is essentially admitted by defendant within its own Motion on page 4, lines 16 through 22, where defense counsel makes the judicial admission that defendant has obviously stated the theory of relief as breach of insurance contract and pled sufficient ultimate facts to state such a claim. Using defendant's own admission on page 4 of its Motion regarding what it believes must be stated, it is clear this Motion is a frivolous attempt to further wrongfully deny, or delay, payment of plaintiff's property loss claim.

Defendant represents that to have adequately pled a claim for breach of contract, plaintiff must, but according to Motion #1 have not, alleged "(1) the existence of a specific insurance policy." However, such facts are contained within plaintiff's complaint at paragraph 3, pages 1-2. The policy provisions specifically at issue as being breached by defendant are further and more specifically described in paragraphs 4 and 5 on pages 2-3.

///

**JONES AMMANN LLC**
ATTORNEYS AT LAW
888 SW Fifth Avenue, Suite 1100 – Portland, OR 97204
Phone (503) 374-1414 – Fax (971) 925-9034

Exhibit A
Page 022

Similarly, defendant represents that plaintiff must, but according to its claims in its first Motion, have not alleged (2) the theft of the property that is specifically identified at paragraph 9 of the Complaint.  However, contained within paragraph 6, on pages 3-4 of plaintiff's Complaint, are exactly those types of facts with additional detail – clearly sufficient to notify defendant under Oregon's pleading standards of the nature of the claims asserted.

The same analysis applies to the majority of defendant's argument that the nature and dollar amount of the damages sought is insufficient.  To the contrary, a detailed list of the property at issue with dollar amounts is included in paragraph 9 on pages 6-7. Plaintiff does concede that his business income loss claim, which is continuing, needs to be made more definite and certain – but at a later date closer to the time of trial and plaintiff will agree to amend that aspect of his Complaint at least 60 days prior to trial and to continue to provide information related to that claim to defendant – as has been done already during the course of the insurer's exhaustive investigation of this simple theft loss claim.

Similarly, plaintiff's Complaint, at paragraphs 6 and 7, pages 4-5, states not only that plaintiff has complied with all reasonable conditions preceding defendant's obligation to pay pursuant to the policy – but provides more than a minimal description of the demands made upon plaintiff by the insurer and the lengths plaintiff has gone to in order to comply with those demands.

///

///

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 21 MOTIONS

Exhibit A
Page 023

1    As far a defendant's last element needed, as it states on page 4 of its Motions
2
(failure to pay), those facts are pled in paragraphs 6 and 8 specifically and generally
3
within paragraphs 10 and 11.
4
5    When the court looks at defendant's Motions, both individually and as a whole, it
6
is clear that defendant's position overall is inconsistent as it represents in its first Motion
7
that the Complaint does not state a claim because it is not detailed enough, yet defendant,
8
in later Motions, essentially argues that there is too much detail pled. Defendant cannot
9
10   have it both ways. The Complaint, both by caption and within the body, clearly states a
11   claim for breach of insurance contract. The Motion should be denied.
12
13   RESPONSE TO MOTION #2:
14
15   As the court is aware, pleadings do not go to the jury as a matter of course but are
16   instead summarized by the court, with the assistance of counsel, and then the summary is
17   read to the jury by the court. There is no reason to strike the language moved against.
18   The language simply states that defendant's authorized agent advertised, sold, and was
19   paid for theft loss property insurance and that this insurance was in effect at the time of
20   the theft. There is no current claim against the agent directly for failure to obtain the
21   correct type of coverage and one is not asserted in either the caption or the body of the
22   Complaint at this time. Therefore, there is no need to make any such incorrectly
23   perceived claim like that "more definite."
24
25   ///
26   ///
27
28

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 21 MOTIONS
JONES AMMANN LLC
ATTORNEYS AT LAW
888 SW Fifth Avenue, Suite 1100 – Portland, OR 97204
Phone (503) 374-1414 – Fax (971) 925-9034

RESPONSE TO MOTION #3:

This motion should be denied at this time. If defendant admits that the proper party defendant is named, then plaintiff will agree to delete that language. The language is included because while Liberty Northwest, the named defendant, conducted all the investigation, and appears to have made the decision to deny this claim, that has not been established and the paper trail regarding the various insurance entities involved in this matter is unclear. Additionally, all the language in paragraph 3 is simply a neutral factual statement and is properly included within the Complaint.

RESPONSE TO MOTION #4:

This motion should be denied because these policy provision obligations are material to plaintiffs claim and provide defendant notice as to which aspects of the policy were breached. Had this language not been included, defendant would have undoubtedly filed only a motion seeking that the policy terms breached be specifically stated. Here they assert both positions but do so by attempting to read the allegations in paragraph 4 in isolation. The Complaint states the provisions breached in paragraph 4, and in paragraphs 6 and 8 states how defendant breached its contractual obligations set out in paragraph 5.

RESPONSE TO MOTION #5:

This motion should be denied for the same reasons as motion #4 above should be denied.

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 21 MOTIONS

Exhibit A
Page 025

RESPONSE TO MOTION #6:

This motion should be denied for the same reasons as Motions #4 and #5 above.

RESPONSE TO MOTION #7:

The purpose of this language is to place defendant on notice that its conduct has caused and continues to cause plaintiff severe financial hardship and to the extent specific economic damages result, those amounts will be claimed.

RESPONSE TO MOTION #8:

These allegations are properly stated and are material to and describe factually defendant's breach of contract conduct which has included invasive, unreasonable demands and continued delays as alleged here – all of which conduct is designed to force plaintiff to forgo his claim – and which is in breach of defendant's implied contractual duty of good faith and fair dealing.  Plaintiff is entitled to plead and prove this aspect of this breach of contract case.  The motion should be denied.

DATED this 6th day of November, 2013.

JONES AMMANN LLC

*Ken L. Ammann*

_____

Ken L. Ammann, OSB#88149
888 SW Fifth Avenue, Suite 1100
Portland, OR 97204
503-374-1414
Attorney for Plaintiff

Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 21 MOTIONS

JONES AMMANN LLC
ATTORNEYS AT LAW
888 SW Fifth Avenue, Suite 1100 – Portland, OR 97204
Phone (503) 374-1414 – Fax (971) 925-9034

Exhibit A
Page 026

## CERTIFICATE OF MAILING

I hereby certify that I served a copy of the foregoing PLAINTIFF'S

RESPONSE TO DEFENDANT'S RULE 21 MOTIONS on the following:

Danny L. Hitt, Jr.
Attorney at Law
411 SW 2nd Avenue, Suite 400
Portland, OR 97204
Attorney for Defendant

By serving a correct copy thereof, certified as such, in the following manner:

X      mailing a certified true copy thereof in an envelope with first class
postage fully prepaid and deposited in the United States mail at Salem,
Oregon;

_____ facsimile transmission;

_____ electronic mailing;

_____ hand delivery.

DATED this 6th day of November, 2013.

*Ken L. Ammann*
_____
Ken L. Ammann OSB#88149
888 SW Fifth Avenue, Suite 1100
Portland, OR 97204
(503)374-1414
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| OREGON AMUSEMENTS, LLC, | ) | Case No. 1307-09539 |
| | ) | |
| Plaintiff, | ) | NOTICE OF CHANGE OF CONTACT |
| | ) | INFORMATION OF COUNSEL FOR |
| v. | ) | PLAINTIFF |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, a Massachusetts corporation, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE IS HEREBY GIVEN that the contact information of counsel for plaintiff,

Ken L. Ammann of Jones Ammann LLC, has been changed to the following:

> Ken L. Ammann, OSB #88149
> Jones Ammann LLC
> ken@ja-law.com
> 888 SW Fifth Avenue, Suite 1100
> Portland, OR 97204
> Office: (503) 374-1414
> Fax: (971) 925-9034

DATED this 2nd day of December, 2013.

> JONES AMMANN LLC

> *Ken L. Ammann*
> _____
> Ken L. Ammann OSB#88149
> 888 SW Fifth Avenue, Suite 1100
> Portland, OR 97204
> (503)374-1414
> Attorney for Plaintiff

Page 1 – NOTICE OF CHANGE OF CONTACT INFORMATION OF COUNSEL FOR PLAINTIFF

Exhibit A
Page 028

## CERTIFICATE OF MAILING

I hereby certify that I served a copy of the foregoing NOTICE OF

CHANGE OF CONTACT INFORMATION OF COUNSEL FOR PLAINTIFF on the

following:

Danny L. Hitt, Jr.
Attorney at Law
411 SW 2nd Avenue, Suite 400
Portland, OR 97204
Attorney for Defendant


By serving a correct copy thereof, certified as such, in the following
manner:

X       mailing a certified true copy thereof in an envelope with first class
        postage fully prepaid and deposited in the United States mail at Salem,
        Oregon;

_____ facsimile transmission;

_____ electronic mailing;

_____ hand delivery.


DATED this 2nd day of December, 2013.


*Ken L. Ammann*
_____
Ken L. Ammann, OSB#88149
888 SW Fifth Avenue, Suite 1100
Portland, OR 97204
(503)374-1414
Attorney for Plaintiff


Exhibit A
Page 029

IN  E CIRCUIT COURT OF THE STA  OF OREGON
FOR MULTNOMAH COUNTY
MULTNOMAH COUNTY COURTHOUSE
1021 SW Fourth Avenue Portland, Oregon 97204

RECEIVED

JAN 27 2014

HITT HILLER MONFILS WILLIAMS LLP

January 23, 2014

DANNY L HITT
Attorney at Law                          Bar#: 833818
HITT HILLER MONFILS WILLIAMS
411 SW 2ND AVE STE 400
PORTLAND OR 97204

**Oregon Amusements LLC/Liberty Mutual Insurance Co**
Case#: 130709539   Civil Contract

## NOTICE OF SCHEDULED COURT PROCEEDING

Scheduled Proceeding: **Hearing Further Proceedings**
Date:                 **3/05/14**
Time:                 **8:30AM**
Room:                 **616 THE HONORABLE JERRY B HODSON**
Additional Information:
    TRIAL READINESS CONFERENCE

At the Trial Readiness Conference (TRC): The parties-
1. -must provide the date they have selected for the trial of the
action. The date selected must be within the standard set by
UTCR 7.020(5), no later than one year from the date of filing.
The Court will set this date as the trial date. If the parties
are unable to agree on a trial date, the Court will assign a
date for trial during the TRC; counsel attending must have
authority to accept a trial date. The trial date set in the TRC
can only be changed by the Presiding Judge and must by supported
by a showing of exceptional circumstances.
2. -must be prepared to discuss the number of days they estimate
will be needed for trial, the status of discovery, and any
other matters which may affect the efficient trial of the
case on the date set.
3. -may appear by phone. If multiple parties will appear
by phone, the plaintiff is responsible for (a) calling
the TRC judge with all other parties appearing by phone on the
line; or (b) establishing a teleconference line for the parties
and the judge to call to join the conference.

**Client(s) of Addressee:**
LIBERTY MUTUAL INSURANCE COMPA

**CC:**
KENNETH L AMMANN

Exhibit A
Page 030

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR MULTNOMAH COUNTY
MULTNOMAH COUNTY COURTHOUSE
1021 SW FOURTH AVE      PORTLAND OREGON      97204

INFORMATION

TRIAL READINESS CIVIL CASE MANAGEMENT CONFERENCE

A postponement of the Trial Readiness Civil Case Management
Conference may be granted for good cause shown presented by a
request, supported by a motion and declaration, at the Presiding
Judge's ex parte.

The parties may appear by phone unless the court otherwise
indicates.

Exhibit A
Page 031